**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN M. HEINEKE, *Plaintiff-Appellant*, v. SANTA CLARA UNIVERSITY; JANE DOE, *Defendants-Appellees.* | No. 18-16348 D.C. No. 5:17-cv-05285-LHK OPINION |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Argued and Submitted February 7, 2020
San Francisco, California

Filed July 20, 2020

Before: Richard A. Paez and Carlos T. Bea, Circuit Judges,
and Lynn S. Adelman,[*] District Judge.

Opinion by Judge Paez

---

[*] The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

# SUMMARY[**]

## Civil Rights

The panel affirmed the district court's dismissal of an action brought pursuant to 42 U.S.C. § 1983 alleging violations of the Fourteenth Amendment and of state law arising from the suspension and termination of plaintiff's employment.

Santa Clara University terminated plaintiff's employment as an economics professor after concluding that plaintiff had sexually harassed his former student. The panel stated that it could not conclude, on the basis of plaintiff's allegations, that Santa Clara University was a state actor. The panel held that the University, as a private university, does not become a state actor merely by virtue of being required by generally applicable civil rights laws to ameliorate sex (or any other form of) discrimination. The panel further held that receipt of federal and state funds conditioned on compliance with anti-discrimination laws is insufficient to convert private conduct into state action. The panel addressed plaintiff's other claims in a concurrently filed memorandum disposition.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Samuel Kornhauser (argued), Law Offices of Samuel Kornhauser, San Francisco, California, for Plaintiff-Appellant.

Don Willenburg (argued), Gordon & Rees LLP, Oakland, California; Marcie Isom Fitzsimmons and Sara A. Moore, Gordon & Rees LLP, San Francisco, California; for Defendants-Appellees.

**OPINION**

PAEZ, Circuit Judge:

Defendant Santa Clara University ("SCU") suspended and later terminated the employment of Plaintiff John Heineke ("Heineke"), a tenured economics professor, after concluding that he had sexually harassed his former student, Jane Doe. Heineke sued SCU and Doe in federal court under 42 U.S.C. § 1983 alleging violations of the Fourteenth Amendment. He also alleged state tort and contract law claims. The district court dismissed the constitutional claims, denied leave to amend to add a federal statutory claim, declined to exercise supplemental jurisdiction over the remaining state law claims, and declined to order SCU to reinstate Heineke to his tenured professorship. We affirm the dismissal of the Fourteenth Amendment claims. We address the denial of leave to amend, decision not to exercise supplemental jurisdiction, and denial of the mandatory injunction in a concurrently filed memorandum disposition.

**I.**

John Heineke taught Jane Doe in his economics course at Santa Clara University. The two met on several occasions to discuss course materials. After Doe earned an "A" in the class, Heineke offered her a position as a teaching assistant for the following school year, which she accepted. A few days before the class and Doe's teaching assistant obligations were to begin, Doe sent Heineke an email stating, "I feel VERY VERY UNCOMFORTABLE when somebody touch[es] my body, kiss[es] me in the face and mouth, tell[s] me some sex joke, aka sexual harassment." In response to Doe's email, Heineke wrote that he was "stunned" and "devastated" by the accusation, and then asked if she would still be his teaching assistant. Doe complained to SCU about the alleged harassment but ultimately did not pursue the complaint.

Subsequently, another student filed a complaint against Heineke for unrelated incidents of alleged sexual harassment. SCU hired a third-party investigator to investigate the allegations, which the investigator ultimately concluded were not supported by the evidence. While investigating the other student's allegations, however, the investigator learned of Doe's prior complaint and opened a formal investigation into it. After interviewing Doe and witnesses, the investigator issued a lengthy report, which concluded that Heineke more likely than not had sexually harassed Doe. Heineke appealed the finding to the provost, who affirmed the determination, concluded that Heineke's conduct violated SCU's harassment policy, and issued a sanction of termination. Heineke then appealed to SCU's president, who upheld the termination, and later to SCU's Faculty Judicial Board, which held a hearing at which Heineke was represented by counsel. The Faculty Judicial

Board issued a unanimous decision affirming the termination of Heineke's employment.

While the campus proceedings were ongoing, Heineke sued SCU and Doe in federal court. The operative complaint alleges Fourteenth Amendment due process and equal protection claims pursuant to 42 U.S.C. § 1983, as well as claims for wrongful discharge, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract, breach of the covenant of good faith and fair dealing, and defamation.

The district court granted Defendants' motion to dismiss the constitutional claims on the ground that SCU's conduct was not subject to the Fourteenth Amendment. The court then declined to exercise supplemental jurisdiction over the remaining state law claims and dismissed the suit without prejudice to refiling the state law claims in state court.[1]

## II.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 1292(a)(1). We review de novo a district court's grant of a motion to dismiss, as well as its determination that a party is not a state actor. *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 811–12 (9th Cir. 2010). "[W]e accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving

---

[1] Simultaneous to his appeal, Heineke filed a complaint and petition for a writ of mandamus in Santa Clara County Superior Court, seeking an order directing SCU to reinstate his employment. SCU and Doe request that we take judicial notice of the complaint and petition pursuant to Federal Rule of Evidence 201. Dkt. 21. We grant the request.

party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## III.

On appeal, Heineke argues that the district court erred in dismissing his constitutional claim for failure to allege state action. As a private university, SCU is not ordinarily obligated to comply with constitutional due process requirements. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). Heineke argues, however, that SCU has become a state actor by virtue of the federal government and State of California "coerc[ing]" SCU into "enforc[ing] both federal and state anti-discrimination . . . laws as a condition of obtaining federal grant funds" such that SCU has become "'a partner' with the government in enforcing these laws." We disagree. Heineke fails to allege sufficient facts to show that SCU is a state actor for purposes of § 1983.

## A.

"To state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Sutton*, 192 F.3d at 835 (citation omitted).

We begin "with the presumption that private conduct does not constitute governmental action." *Id.* That presumption may be overcome in limited circumstances, such as where the state "has exercised coercive power or has provided such significant encouragement" that the

challenged action must be considered that of the state, *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982), or where "the state knowingly accepts the benefits derived from unconstitutional behavior." *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995)).[2]

## B.

We begin with the allegations in the operative complaint, which we accept as true. The complaint alleges, in relevant part:

> Defendant Santa Clara University . . . is a purported "private" university which acts as a "state actor" on behalf of the federal government and on behalf of the State of California in that SCU is funded, in large part, by federal grants and contracts . . . which all require, as a condition of such fundings, that SCU have an Affirmative Action Plan in place and that SCU certify, as a condition of funding, that it does not discriminate on the basis of age, gender, religion, etc., and that SCU is subject to oversight and de-funding and penalty for failure to implement or comply with such federal anti-discrimination laws . . . . These federal funding requirements and restrictions and penalties are designed to and, in fact, do

---

[2] Because Heineke relies only on "governmental compulsion" and "joint action" theories to advance his state action argument, we do not consider the "public function" or "governmental nexus" tests. *See Sutton*, 192 F.3d at 835–36.

require SCU to act in fact and in reality as an enforcement arm of the federal government to carry out enforcement of these federal and state anti-discrimination laws by coercing SCU and/or by obtaining SCU's cooperation in enforcing . . . Title IX's provisions against gender discrimination, and California's laws against sexual harassment in the workplace . . . which SCU has done by enacting an anti-sexual harassment policy . . . to carry out the federal and state governments' enforcement policies.  SCU, as a state actor, has violated . . . [Heineke's] right to equal protection of the laws [under] 29 U.S.C. §1983 [sic].

Heineke also alleges that SCU is "heavily funded by the federal government" and the State of California.  In total, the complaint boils down to three allegations that purportedly support the state action theory: (1) SCU receives federal and state funds, (2) which are conditioned on compliance with federal and state anti-discrimination laws and regulations, including enacting an affirmative action plan and a sexual harassment policy, (3) such that SCU may lose government funds should it fail to comply with the law.

We cannot conclude, on the basis of these allegations, that SCU is a state actor.[3]  Receipt of government funds is

---

[3] Although Heineke claims that SCU acted as both a federal and state actor, he has pleaded only violations of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. Only state actors, not federal entities, are subject to the Fourteenth Amendment; accordingly, private entities may be subjected to § 1983 liability only under a *state* action theory. *See Davis v. Passman*, 442 U.S. 228, 238 n.16 (1979).  Thus, Heineke's claim that the *federal* government compelled the challenged conduct cannot support his claim that SCU is a *state* actor under the Fourteenth

insufficient to convert a private university into a state actor, even where "virtually all of the school's income [i]s derived from government funding." *Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982). Nor is compliance with generally applicable laws sufficient to convert private conduct into state action. *See, e.g., Sutton*, 192 F.3d at 841 ("[G]overnmental compulsion in the form of a generally applicable law, without more, is [not] sufficient to deem a private entity a governmental actor."); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974) ("The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment."); *Rendell-Baker*, 457 U.S. at 833, 841–42, 848 (finding no state action where state regulation required school to draft rules for dismissing employees and comply with "an equal employment opportunity requirement"); *Kitchens*, 825 F.2d at 1339–40 (same, where federal law conditioned receipt of federal funds on compliance with statutory and regulatory program requirements). That a private actor's conduct is subject to penalties, such as loss of funding, is also insufficient to

---

Amendment. The Tenth Circuit recently reached a similar conclusion. *See Doe v. Univ. of Denver*, 952 F.3d 1182, 1187–88 (10th Cir. 2020) (holding that the plaintiff's reliance "solely on evidence of the federal government's involvement in [a private university's] affairs"—such as the university's compliance with Title IX and Department of Education guidance—"has no bearing on whether the school is a state actor under the Fourteenth Amendment, which is concerned only with the actions of *state* governments"). To the extent that Heineke sought to allege a federal action claim by his repeated references to the federal government throughout the operative complaint, his allegations are insufficient to show federal action for the same reasons he fails to allege state action. *See Kitchens v. Bowen*, 825 F.2d 1337, 1340 (9th Cir. 1987) ("The standards utilized to find federal action for purposes of the Fifth Amendment are identical to those employed to detect state action subject to the strictures of the Fourteenth Amendment.") (citation omitted).

convert private action into that of the state. *See, e.g., Blum*, 457 U.S. at 1010 ("[P]enalties imposed for violating the regulations add nothing to respondents' claim of state action."); *Kitchens*, 825 F.2d at 1339–40. Heineke does not allege that the state government commanded a particular result in, or otherwise participated in, his specific case. *See, e.g., Blum*, 457 U.S. at 1010 (finding no state action where government regulations did "not dictate the decision to discharge or transfer *in a particular case*") (emphasis added); *Sutton*, 192 F.3d at 843; *Pinhas v. Summit Health, Ltd.*, 894 F.2d 1024, 1034 (9th Cir. 1989).

In short, SCU, as a private university, does not become a state actor merely by virtue of being required by generally applicable civil rights laws to ameliorate sex (or any other form of) discrimination in educational activities as a condition of receiving state funding. Our sister circuits have reached similar conclusions. For instance, the Second Circuit concluded that a private college's termination of a professor under its sexual harassment policy, which had been formulated at the "urging" of the state human rights commission, was not state action because the commission "had no involvement in [the professor's particular] case." *Logan v. Bennington College Corp.*, 72 F.3d 1017, 1027–28 (2d Cir. 1995); *see also Farapusi v. Case W. Reserve Univ.*, 711 Fed. App'x 269, 275–76 (6th Cir. 2017) (finding no state action where student suspended for sexual harassment alleged that private university "acted under the color of state law by enforcing Title IX").

We note that dozens of district courts have addressed the very same question presented here, namely whether compliance with Title IX, related Department of Education guidance, or state anti-discrimination laws and regulations are sufficient to transform private schools into state actors.

As far as we are aware, not one has recognized such a claim. *See Doe v. Washington Univ.*, 434 F. Supp. 3d 735, 749–50 (E.D. Mo. 2020) (collecting cases); *Doe v. Case W. Reserve Univ.*, No. 1:17 CV 414, 2017 WL 3840418, at \*10 (N.D. Ohio Sept. 1, 2017) (same).[4]

In sum, we conclude that receipt of federal and state funds conditioned on compliance with anti-discrimination laws is insufficient to convert private conduct into state action.  Indeed, to accept Heineke's argument would upend our nation's civil rights laws: As we reasoned in *Sutton*, doing so would "convert every employer—whether it has one employee or 1,000 employees—into a governmental actor every time it complies with a presumptively valid, generally applicable law." *Sutton*, 192 F.3d at 838.  This we decline to do.

## IV.

Because SCU's alleged conduct is not sufficient to show state action, we affirm the district court's dismissal of

---

[4] *See also, e.g., Doe v. Harvard Univ.*, No. 1:18-cv-12150-IT, 2020 WL 2769945, at \*8 (D. Mass. May 28, 2020); *Vengalattore v. Cornell Univ.*, 3:18-cv-1124 (GLS/TWD), 2020 WL 2104706, at \*8 (N.D.N.Y. May 1, 2020); *Doe v. Transylvania Univ.*, No. 5:20-145-DCR, 2020 WL 1860696, at \*8 (E.D. Ky. Apr. 13, 2020); *Doe v. Oberlin College*, No. 1:20 CV 669, 2020 WL 1696979, at \*2 (N.D. Ohio Apr. 7, 2020); *Woytowicz v. George Washington Univ.*, 327 F. Supp. 3d 105, 116–20 (D.D.C. 2018); *Rossley v. Drake Univ.*, No. 4:17-cv-00058-RGE-SBJ, 2017 WL 5634151, at \*3 (S.D. Iowa Sept. 6, 2017); *Tsuruta v. Augustana Univ.*, No. 4:15-CV-04150-KES, 2015 WL 5838602, at \*2–3 (D.S.D. Oct. 7, 2015); *Doe v. Washington & Lee Univ.*, No. 6:14-CV-00052, 2015 WL 4647996, at \*9 (W.D. Va. Aug. 5, 2015).

Heineke's § 1983 constitutional claims for failure to state a claim for relief.**[5]**

**AFFIRMED.**

---

**[5]** Heineke's contention that it is inappropriate to dismiss his § 1983 constitutional claims at the motion to dismiss stage, is unpersuasive. We have accepted his allegations as true. Because he has failed to plead any allegations sufficient to support his argument that SCU acted under color of state law, however, his § 1983 claims must fail as a matter of law. The district court did not err in granting the motion to dismiss.