NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 7 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVELYN HOWELL MASSEY, | No.  20-56128 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-09626-CJC-JDE |
| v. | |
| BIOLA UNIVERSITY, INC., a California Non-Profit Religious Corporation; DOES, 1 to 10, Inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted March 7, 2022**

Before:  D.W. NELSON, FERNANDEZ, and SILVERMAN, Circuit Judges.

Evelyn Howell Massey appeals pro se the district court's order dismissing

her discrimination action against Biola University, Inc.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo the district court's dismissal for failure to

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

state a claim. *Schwake v. Ariz. Bd. of Regents*, 967 F.3d 940, 946 (9th Cir. 2020) (citation omitted). We affirm.

Massey failed to state a Title IX claim because her second amended complaint did not allege discrimination on the basis of sex. *See id*. (elements of Title IX claim).

Massey failed to state a Title VI claim because she did not sufficiently allege either that Biola University engaged in race discrimination or that officials with power to take corrective measures were deliberately indifferent to known acts of discrimination. *See Yu v. Idaho State Univ.*, 15 F.4th 1236, 1242 (9th Cir. 2021); *see also United States v. Cty. of Maricopa*, 889 F.3d 648, 652 (9th Cir. 2018).

Massey failed to state a First Amendment or due process claim under 42 U.S.C. § 1983 because Biola University did not act under color of state law. *See Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1013 (9th Cir. 2020) (reasoning that receipt of government funds "is insufficient to convert a private university into a state actor.").

The district court properly declined to exercise supplemental jurisdiction over Massey's state law claims after dismissing all of her federal claims. *See* 28 U.S.C. § 1367(c)(3); *Platt v. Moore*, 15 F.4th 895, 909 (9th Cir. 2021).

**AFFIRMED.**