**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1568
_____

ROGER SWARTZ; A.S.; E.A.S.,
Appellants

v.

THE BOARD OF TRUSTEES AT THE UNIVERSITY OF PENNSYLVANIA;
AMY GUTMANN, President of the University of Pennsylvania;
SCOTT DIAMOND, Professor of Chemical and Biomolecular Engineering at
The University of Pennsylvania and Co-Founder of Reaction Biology Corporation;
THE BOARD OF TRUSTEES AT PRINCETON UNIVERSITY;
ABIGAIL DOYLE, Formerly Professor of Chemistry at Princeton University;
DIANE CARRERA, Formerly Graduate Student in the Lab of David MacMillan;
MARK SCOTT, Former Postdoctoral Associate of David MacMillan;
DAVID MACMILLAN, Professor of Chemistry at Princeton University;
ROBERT HARTMAN, Employee at Reaction Biology Corporation;
CONRAD HOWITZ, Then Employee Reaction Biology Corporation;
HAICHING MA, Chief Medical Officer at Reaction Biology Corporation;
KURUMI HORIUCKI, Senior Director of Biochemistry at
Reaction Biology Corporation;
REACTION BIOLOGY CORPORATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-04330)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 4, 2022
Before: GREENAWAY, JR., PORTER, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: December 15, 2022)
_____

OPINION*

_____

PER CURIAM

Roger Swartz appeals from an order of the District Court dismissing his complaint with prejudice. For the reasons that follow, we will affirm.

In September 2021, Swartz filed a complaint seeking $260,000,000 in damages on behalf of himself and his minor children, A.S. and E.A.S., against numerous parties, grouped and identified by the District Court as "The Penn Defendants," "The Princeton Defendants," and "the Reaction Biology Corporation ("RBC") Defendants." As the procedural history and facts of the claims are familiar to the parties, we need not recite them here. In sum, Swartz's suit alleges a litany of problems stemming from his time as a graduate student at Princeton University, where he worked in the lab of Princeton defendant Abigail Doyle, then a Professor of Chemistry. In 2011, Doyle asked Swartz to leave the lab and advised him that she would confine her letters of recommendations for Swartz to laboratory-based jobs. The complaint alleges that Doyle and the other Defendants, acting alone or in concert, undermined his ability to obtain a Ph.D., sabotaged his subsequent tutoring business, and/or undermined his well-being and "employment rights," including his ability to find a job, maintain an income, and support his family. Swartz maintained that Defendants also acted to undermine the well-being of

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent

his wife, E.S., particularly while she was employed at RBC, and their two minor children.[1] As a basis for his action, Swartz listed numerous federal statutes, including 42 U.S.C. § 1983, as well as the Thirteenth and Fourteenth Amendments to the U.S. Constitution. He also claimed that the Defendants violated several state laws.

The Defendants filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing, inter alia, that the claims were time-barred. The District Court granted the motions, first determining that the claims brought on behalf of A.S. and E.A.S. were subject to dismissal because Swartz could not represent his minor children. Next, it concluded that Swartz failed to adequately allege that any of the defendants were state actors and that, therefore, the constitutional claims brought pursuant to § 1983 also must be dismissed. Finally, the District Court determined that all of Swartz's remaining claims were barred by the applicable statutes of limitations. This appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of the complaint for failure to state a claim, see AT&T Corp. v. JMC Telecom, LLC, 470 F.3d 525, 530 (3d Cir. 2006), including the ruling that the complaint was filed beyond the statute of limitations, see Kach v. Hose, 589 F.3d 626, 633 (3d Cir. 2009). Dismissal for failure to state a claim is proper if a party fails to allege sufficient factual matter, which if accepted as true, could "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl.

---

[1] Swartz filed an additional cause of action under seal on behalf of his minor child A.S. See ECF Nos. 11.

Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

First, it is well established in this Circuit that Swartz, a non-attorney proceeding pro se, could not bring claims on behalf of his minor children. Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that a non-attorney parent must be represented by counsel to bring an action on behalf of his minor child). Accordingly, the District Court properly dismissed those claims.[2]

Next, we agree with the District Court that Swartz's § 1983 claims fail because he does not adequately allege that any of the defendants were state actors when they allegedly deprived him of his constitutional rights. Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005) (recognizing that "to state a claim of liability under § 1983, [the plaintiff] must allege that [he] was deprived of a federal constitutional or statutory right by a state actor"). The complaint contains no facts supporting a reasonable inference that any of the defendants were state actors. Swartz argues that the Princeton and Penn Defendants are state actors because "the financial source of the conduct" was "extensive funding" from the State[3] "without a check and balance in place," and the RBC defendants are state

---

[2] For the same reason, Swartz was advised by Clerk Order that he could not prosecute an appeal on behalf of his children and that, therefore, the appeal would proceed in this Court only as to him. See April 1, 2022 Clerk Order. Swartz's Motion to Review that Order is denied. Contrary to his argument, this case does not implicate the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et. seq. ("IDEA"), or any claim which he might be authorized to litigate on his children's behalf.

[3] To the extent that Swartz alleged in his complaint that the government funding came from the *federal* government, he cannot show state action. See Heineke v. Santa Clara University, 965 F.3d 1009, 1013 n.3 (9th Cir. 2020).

4

actors because they aided and abetted the Penn defendants. See Appellant's Br. at 46-48 (citing 18 U.S.C. § 2).[4] But a private actor does not become a state actor for purposes of § 1983 merely because the state provides funding. See Rendell–Baker v. Kohn, 457 U.S. 830, 840 (1982) (recognizing that receipt of government funds is insufficient to convert a private university into a state actor, even where "virtually all of the school's income [i]s derived from government funding"); Krynicky v. Univ. of Pittsburgh, 742 F.2d 94, 102 (3d Cir. 1984) (noting that "state contributions to otherwise private entities, no matter how great those contributions may be, will not of themselves transform a private actor into a state actor"); Heineke, 965 F.3d at 1013. Thus, because his § 1983 claims fail to state a claim for relief, they were appropriately dismissed.

Even assuming that there is an independent basis for subject matter jurisdiction over the remaining claims, Swartz does not contest the District Court's conclusion that those claims are time-barred under any plausible legal theory. See ECF No. 70 at 8-10; see also Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (recognizing that a limitations defense may be raised by a motion under Rule 12(b)(6) "if the time alleged in the statement of a claim shows that the cause of action has not been brought within the

---

[4] Although Swartz cited Title 18 to support a number of his claims, federal criminal statutes generally do not provide a private cause of action. See Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare criminal statute"); Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007); see also Diamond v. Charles, 476 U.S. 54, 64-65 (1986) (noting that private citizens cannot compel enforcement of criminal law). To the extent Swartz argued otherwise in the District Court, the complaint did not allege a civil RICO action, see 18 U.S.C. § 1961 et seq.

statute of limitations"). He argues, however, that the District Court erred in determining that the claims were not subject to equitable tolling.[5] Dubose v. Quinlan, 173 A.3d 634, 644 (Pa. 2017) (recognizing that a statute of limitations is tolled "when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action") (citation omitted); see also Bustamante v Borough of Paramus, 994 A.2d 573, 588 (N.J. Super. Ct. 2010) (explaining that equitable tolling applies if the plaintiff has been "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass"). Like the District Court, we are unconvinced that any of the reasons Swartz proposes as a basis for equitable tolling undermines the conclusion that his complaint is time-barred on its face.

As the District Court explained, Swartz's claim that he had "only recently" become familiar with both the law and his rights is not a basis for tolling the statute of limitations. See Pastierik v. Duquesne Light Co., 526 A.2d 323, 327 (Pa. 1987) (recognizing that ignorance of the law is not a basis for tolling the statute of limitations); Freeman v. State, 788 A.2d 867, 874 (N.J. Super. Ct. 2002) (same). Swartz argues that the District Court ignored the defendants' "misconduct" and the extraordinary events which prevented him from timely filing his claims. Not so. Rather than point to any

---

[5] Because the remaining claims are based on state law, we look to principles governing the statutes of limitations in New Jersey and Pennsylvania, where the events giving rise to the claims occurred. See generally Bd. of Regents v. Tomanio, 446 U.S. 478, 485-86 (1980) (recognizing that a federal court applying a state's limitations period must also apply the "interrelated" rules of the state's tolling provisions).

6

specific instance of misconduct or an extraordinary circumstance that might warrant

equitable relief, Swartz repeated general claims of ignorance about his rights, or of an

inability to act on his rights, based solely on the alleged underlying violation of his

constitutional rights.  See, e.g., ECF No. 13 at 13-14, 56 at 33-34 (describing the

"suppressed state that results from having one's 14th Amendment Right[s] violated,"

"loss of full consciousness, " and that "the will to act has been taken" and the "perception

of [his] rights were in a state of coma").  Nor did he persuasively argue that the accrual

date of the claims should be delayed because he could not have foreseen the extent of the

injury or the damages wrought by the defendants' actions.  See, e.g., ECF No. 56 at 24-

25; see Dubose, 173 A.3d at 638 n.4 (explaining that "[u]nder the "discovery rule," a

cause of action does not accrue until the plaintiff discovers, or should have discovered,

the injury); Bustamante, 994 A.2d at 588 (same).  The District Court did not err in

concluding, based on the allegations in the complaint, that Swartz was aware of the key

facts underlying his claims well before the limitations period expired and, based on the

foregoing, that he did not pursue his claims diligently.  Accordingly, the claims

were properly dismissed as time-barred.[6]

---

[6] Swartz does not challenge the District Court's conclusion that his claim for fraud
against Doyle (the second cause of action) was barred by the statute of limitations, and
that it was not subject to the equitable exception of the continuing violation doctrine.  See
ECF No. 70 at 11; see also M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969
F.3d 120, 124 n.2 (3d Cir. 2020) (noting that arguments not raised in an opening brief on
appeal are forfeited); see also Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d
Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all
other litigants").  Because we affirm the District Court's judgment on this basis, we need

We find no merit to Swartz's final argument that the District Court was biased against him. The record does not support his claim that the District Court ignored his arguments or mischaracterized the facts. Overall, Swartz's complaints amount to mere dissatisfaction with the District Court's rulings. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (noting that "a party's displeasure with legal rulings does not form an adequate basis for recusal").

Finally, the District Court did not err in declining to invite additional amendment of the complaint. As it noted, to the extent that the claims are time-barred, leave to amend would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). We also note that a liberal reading of the complaint gives no indication that Swartz could assert anything that would show that the defendants had the kind of relationship with the state that would give rise to an inference that they should be considered state actors under § 1983.

Based on the foregoing, we will affirm the District Court's judgment. Appellee Penn Defendants' motion to seal Volume Two of the Supplemental Appendix is granted. Swartz's motions to "seal indefinitely" (1) his "Motion for Review" of the Clerk's Osei Order, Letter with Exhibits, and Addendum in Support and (2) Volume Two of the Supplemental Appendix are denied as presented. We direct the Clerk's Office to seal these documents for twenty-five years, as they contain highly sensitive and personal

---

not address its alternative holding – which Swartz contests – that he did not adequately plead a claim for fraud.

information about Swartz's minor child.  See 3d Cir. L.A.R. 106.1(a); In re Cendant

Corp., 260 F.3d 183, 194 (3d Cir. 2001).