NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TIBERIU S. KISS,

                Plaintiff-Appellant,

  v.

BEST BUY STORES, Limited Partnership;
JOHN DOE,

                Defendants-Appellees.

No. 23-35004

D.C. No. 3:22-cv-00281-SB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Stacie F. Beckerman, Magistrate Judge, Presiding

Argued and Submitted December 5, 2023
Portland, Oregon

Before: NGUYEN and MILLER, Circuit Judges, and MONTALVO,[**] District
Judge.

      Tiberiu Kiss appeals from the district court's dismissal of his complaint
alleging that Defendants Best Buy and John Doe violated his constitutional rights by
requiring him to wear a mask before entering a Best Buy store. We have jurisdiction

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The Honorable Frank Montalvo, United States District Judge for the
Western District of Texas, sitting by designation.

under 28 U.S.C. § 1291. We review de novo dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998). We affirm.

1.      Kiss's two claims brought pursuant to 42 U.S.C. § 1983 fail because Defendants are private actors and Kiss does not allege any facts that establish state action. A private actor may be subject to § 1983 liability if the plaintiff can show that the actor's conduct was "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Fair attribution has two components: "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* Kiss's claims fail on the second prong because Defendants cannot be fairly characterized as state actors.

There are four tests for determining whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test. *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). [1] On appeal, Kiss relies on the state compulsion test,

---

[1] The district court applied each of the four tests and found that none establish state action here. On appeal, Kiss only argues the state compulsion theory. He has therefore waived any arguments that the other three tests apply. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived.").

2

which "considers whether the coercive influence or significant encouragement of the state effectively converts a private action into a government action." *Kirtley v. Rainey*, 326 F.3d 1088, 1094 (9th Cir. 2003) (quotation marks omitted). According to Kiss, there is state action here because the state of Oregon made Best Buy the "enforcer of the [mask mandate]" in Best Buy stores and imposed a civil penalty that effectively coerces Defendants to require face masks. But "compliance with generally applicable laws" is not "sufficient to convert private conduct into state action." *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1013 (9th Cir. 2020). And the fact that Best Buy is subject to penalties "is also insufficient to convert private action into that of the state." *Id.* at 1014 (citing *Blum v. Yaretsky*, 457 U.S. 991, 1010 (1982) ("[P]enalties imposed for violating the regulations add nothing to respondents' claim of state action.")).

Kiss's reliance on *Mathis v. Pacific Gas & Electric Co.* to support his theory of state action is misplaced. In *Mathis*, a nuclear power plant subject to regulation by the Nuclear Regulatory Commission (NRC) denied an employee access to its facilities because it suspected the employee of drug use. 891 F.2d 1429 (9th Cir. 1989). We recognized that a *Bivens* action could lie against the private power plant if the employee proved the existence of an informal NRC policy governing the plant's conduct. *Id.* at 1433–34. We allowed the claims to proceed past the pleading stage because according to the allegations, "the NRC and the private defendant had

agreed to a division of labor in which the private defendant would take responsibility for preventing drug use at its facilities, in exchange for the NRC's not implementing formal regulations on the subject." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 842 (9th Cir. 1999) (citing *Mathis*, 891 F.2d at 1433–34). There are no equivalent allegations here. Kiss does not allege the existence of any "conspiratorial agreement," "official cooperation with the private entity to achieve the private entity's goal," or "enforcement and ratification of the private entity's chosen action." *Id.* at 842. The district court therefore properly dismissed Kiss's § 1983 claims for lack of state action.

2.      Kiss's claim brought pursuant to the Americans with Disabilities Act is moot. Kiss's complaint seeks an injunction prohibiting Best Buy "from abiding by any future activation of an indoor mask mandate." But the Oregon mask mandated was rescinded in March 2022, after Kiss filed suit. At that point, there was nothing left for the district court to enjoin.

Kiss argues that his ADA claim is not moot because although the mask mandate is currently suspended, the rule is "still on the books" and "[s]tate officials have the ability to revoke the suspension." But we recently rejected a similar argument concerning a rescinded COVID-related order, finding that the "actual controversy ha[d] evaporated." *Brach v. Newsom*, 38 F.4th 6, 11 (9th Cir. 2022). In *Brach*, the plaintiff's speculative claim that "an unexpected reversal in the public

4

health situation could lead the Governor to once again close schools" was insufficient to show the existence of a live controversy. *Id.* at 14. That *Brach* involved an executive order whereas this case involves "promulgated rule that is still on the books" is a distinction without a difference—in *Brach*, we "acknowledge[d] that the Governor's continuing authority to close schools [was] a consideration in our analysis . . . but it [was] by no means dispositive." *Id.* Here, Kiss offers nothing more than the speculative possibility that the mask mandate could be reimplemented at some point in the future. And as we previously recognized, the "mere power to reenact a challenged [policy] is not a sufficient basis on which a court can conclude that a reasonable expectation of recurrence exists." *Id.* (quoting *Larsen v. U.S. Navy*, 525 F.3d 1, 4 (D.C. Cir. 2008)). Accordingly, Kiss's ADA claim was properly dismissed as moot.

3. Kiss also asserts three state law claims, including a violation of the Oregon disability discrimination statute, assault, and battery. The district court, having properly dismissed each of Kiss's federal claims, was within its discretion to decline to exercise supplemental jurisdiction over these claims. 28 U.S.C. § 1367(c)(3).

**AFFIRMED.**

5