NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

SARA BOYSEN; et al.,

Plaintiffs - Appellants,

v.

PEACEHEALTH, INC.; PATRICK
ALLEN; Gov. KATE BROWN; LIZ
DUNNE; DOUG KOEKKOEK; TODD
SALNAS,

Defendants - Appellees.

No. 24-5204

D.C. No.
6:23-cv-01229-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted July 9, 2025[**]
Seattle, Washington

Before: McKEOWN, PAEZ, and SANCHEZ, Circuit Judges.

Sara Boysen and other former PeaceHealth employees (collectively,

"Plaintiffs") appeal the district court's dismissal of their claims with prejudice.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiffs were terminated after refusing to vaccinate against COVID-19 in violation of Defendant PeaceHealth's COVID-19 vaccination policy. Plaintiffs allege that PeaceHealth and various PeaceHealth executives (collectively, "PeaceHealth"), former Oregon Governor Kate Brown, and former Oregon Health Authority Director Patrick Allen ("State Defendants") violated Plaintiffs' rights under federal and state law by penalizing their decision to refuse vaccination. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the grant of a motion to dismiss under Rule 12(b)(6) and may affirm on any ground supported by the record. *Saloojas, Inc. v. Aetna Health of Cal., Inc.*, 80 F.4th 1011, 1014 (9th Cir. 2023). "[W]e accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1012 (9th Cir. 2020) (quotation omitted). We review de novo the district court's determination that a party is not a state actor. *Id.* We review for abuse of discretion the dismissal of a complaint with prejudice. *Benevidez v. Cnty. of San Diego*, 993 F.3d 1134, 1141–42 (9th Cir. 2021). We affirm.

1. **Plaintiffs' § 1983 Claims (Counts 1 through 5).** Plaintiffs allege that their rights have been violated under various federal statutes, a regulation, two contractual agreements, a scientific report, an international treaty, and the Fourteenth Amendment. Plaintiffs' claims are foreclosed by our recent decision in

*Curtis v. Inslee*, 154 F.4th 678 (9th Cir. 2025), which affirmed the district court judgment dismissing claims by similarly situated "vaccine refusers" for relief under the Emergency Use Authorization statute, 21 U.S.C. § 360bbb-3(e)(1)(A)(ii),[1] the Spending Clause Doctrine, the Public Readiness and Emergency Preparedness Act, 42 U.S.C. § 247d-6(a)(1), the "Federal Wide Assurance Agreement," the COVID-19 Vaccination Program Provider Agreement, the Belmont Report, Article VII of the International Convention on Civil and Political Rights, and the Fourteenth Amendment. *Id.* at *3-9. For the reasons explained in *Curtis,* none of Plaintiffs' statutory or constitutional sources of law create any specific and definite rights enforceable under Section 1983.[2] *Id.*

   2. **Plaintiffs' State Law Claims (Counts 6 & 7).** The district court dismissed Plaintiffs' state law claims for breach of contract and intentional infliction of emotional distress for lack of standing and failure to state a claim, respectively. Because Plaintiffs do not challenge dismissal of these claims on appeal, these issues are forfeited. *See Indep. Towers of Wash. v. Washington,* 350

---

[1] *Curtis* also resolves Plaintiffs' claim under Count Eight ("Implied Private Right of Action 21 U.S.C. § 360bbb-3"). *See Curtis*, 154 F.4th at 687.

[2] Although Count Two purports to assert a claim under the Unconstitutional Conditions Doctrine, Plaintiffs' allegations are derivative of their Fourteenth Amendment claims and fail for the reasons explained in *Curtis*. *See Curtis*, 154 F.4th at 690-95.

F.3d 925, 929 (9th Cir. 2003).[3]

**3.** The district court correctly dismissed Plaintiffs' complaint with prejudice because it determined that no amendment could cure the legal flaws in Plaintiffs' allegations. As discussed in *Curtis*, 154 F.4th at 695, any amendment to Plaintiffs' § 1983 claims would be futile because Plaintiffs have not identified an actionable source of federal law for their non-constitutional claims, and their constitutional claims do not survive under rational basis review. *See Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1204 (9th Cir. 2021) (quotation omitted) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment.").

**AFFIRMED.**

---

[3] In light of our determination, we do not reach the parties' arguments concerning qualified immunity or whether PeaceHealth is a state actor.