NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTATE OF CLOVY JARAMILLO, deceased, through Christina Hernandez as the Administrator of his Estate, | No. 24-5937 |
| | D.C. No. 2:23-cv-00316-SAB |
| Plaintiff - Appellant, | |
| v. | MEMORANDUM* |
| CITY OF SPOKANE; Chief CRAIG MEIDL, Spokane Police Department, individually and in his professional capacity; Officer TIMOTHY SCHWERING, Spokane Police Department, individually and in his professional capacity; Officer JACKSON HENRY, Spokane Police Department, individually and in his professional capacity; Officer KOREY BJORNSTAD, Spokane School District 81, individually and in his professional capacity; SPOKANE POLICE DEPARTMENT; SPOKANE PUBLIC SCHOOLS, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted November 20, 2025[]
Seattle, Washington

Before: McKEOWN, PAEZ, and DESAI, Circuit Judges.

Plaintiff-Appellant, the Estate of Clovy Jaramillo ("Plaintiff"), filed this action in state court after Clovy Jaramillo died following an encounter with law enforcement officers. Christina Hernandez, the Administrator of the Estate, brought claims under Washington state law and 42 U.S.C. § 1983 against Defendants-Appellees the City of Spokane ("the City"), the Spokane Police Department, Spokane Public Schools, Spokane Police Department Chief Craig Meidl, Officers Timothy Schwering and Jackson Henry, and Spokane School District 81 Officer Korey Bjornstad (collectively, "Defendants"). Defendants removed the case to federal court. After dismissing some federal and state law claims without leave to amend, the district court granted Defendants' motion for judgment on the pleadings, dismissed Plaintiff's remaining federal claims, and remanded the remaining state law claims. Plaintiff timely appealed.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we review de novo the district court's dismissal pursuant to Federal Rule of Civil Procedure 12(c). *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 (9th

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2011). In doing so, we construe all factual allegations in the First Amended Complaint ("FAC") in the light most favorable to Plaintiff. *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1012 (9th Cir. 2020). We reverse in part, affirm in part, and remand for further proceedings consistent with this disposition.

**1.** Plaintiff has sufficiently pled an excessive force claim under the Fourth Amendment against Henry, Schwering, and Bjornstad to withstand a Rule 12(c) motion for judgment on the pleadings.

"Under the Fourth Amendment, police may use only such force as is objectively reasonable under the circumstances." *LaLonde v. County of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000). This inquiry "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (citation modified).

Accepting all factual allegations in the FAC and adopting all reasonable inferences in favor of Plaintiff, the FAC plausibly alleges that the amount of force used and the actual harm experienced were significant. Neck restraints and body weight force constitute force "capable of inflicting significant pain and causing serious injury," and therefore can "present a significant intrusion upon an individual's liberty interests." *Young v. County of Los Angeles*, 655 F.3d 1156, 1161 (9th Cir. 2011); *Tuuamalemalo v. Greene*, 946 F.3d 471, 475–78 (9th Cir. 2019) (per

curiam); *Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052, 1056–57 (9th Cir. 2003). The FAC alleges that Henry and Schwering "violently" detained decedent and applied a vascular neck restraint while decedent was in a prone position, and Bjornstad used body weight force on decedent. The FAC also alleges that Mr. Jaramillo "vomited profusely and appeared to have a seizure" and lost consciousness, and that Defendants' use of force caused Mr. Jaramillo's death.

The government's interest in applying the degree of force used depends upon "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. "Other relevant factors may include . . . whether it should have been apparent to the officer that the subject of the force used was mentally disturbed." *Est. of Lopez ex rel. Lopez v. Gelhaus*, 871 F.3d 998, 1006 (9th Cir. 2017).

Construed in the light most favorable to Plaintiff, the FAC alleges a limited governmental interest in applying significant force. *First,* the FAC alleges, and the City Defendants acknowledge, that the basis of decedent's detention was his "potential drug overdose" or self-harm attempt, rather than a serious crime. *Second,* the FAC alleges that decedent did not pose an immediate threat. The FAC alleges that when Henry and Schwering arrived, decedent was "pinned to the ground" by bystanders, "laying face-down prone on the pavement," and at the time Bjornstad

placed his body weight on decedent's legs, Mr. Jaramillo was handcuffed on the ground. *Third*, "the tactics to be employed against[] an unarmed, emotionally distraught individual who is creating a disturbance or resisting arrest are ordinarily different from those involved in law enforcement efforts to subdue an armed and dangerous criminal." *Drummond*, 343 F.3d at 1058 (quoting *Deorle v. Rutherford*, 272 F.3d 1272, 1282 (9th Cir. 2001)). The FAC alleges that the officers responded to calls of a "potential drug overdose" involving attempted self-harm, and they recognized that decedent "was sweating profusely and did not appear to be lucid." These considerations "limit[]" the governmental interest in applying the degree of force alleged in the FAC. *Scott v. Smith*, 109 F.4th 1215, 1224 (9th Cir. 2024).

The district court erred in treating resistance as dispositive. The Fourth Amendment inquiry requires balancing, which "nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom." *Drummond*, 343 F.3d at 1056 (quoting *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002)). Moreover, the "degree [of resistance] matters." *Scott*, 109 F.4th at 1225. Construed in the light most favorable to Plaintiff, the FAC plausibly alleges limited resistance. Mr. Jaramillo "kicked his legs and screamed but did not act violently

towards the officers or behave in a manner to place them in any apprehension of being harmed."[1] *See Scott*, 109 F.4th at 1221, 1225.

In sum, the FAC plausibly alleges that the force used by Henry, Schwering, and Bjornstad was "greater than is reasonable under the circumstances," and we therefore reverse and remand for further proceedings.[2] *Espinosa v. City & County of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010) (quoting *Santos*, 287 F.3d at 854).

In briefing before this court, Plaintiff alleges additional facts in support of the excessive force claim that are not contained in the FAC, including that decedent was "restrained and quit breathing as he was handcuffed with three officers setting [sic] on his legs, torso and neck when he quit breathing," "[t]he holds are clearly shown in body cam video 10/06/2020 15:38.17," and that Henry and Schwering placed "knee[s] to his legs and his back." We do not consider these alleged facts, because

---

[1]     The district court failed to adopt all reasonable inferences in favor of Plaintiff in interpreting the statement that Bjornstad "drove to the scene to assist the officers after hearing that the officers were 'actively fighting' with Mr. Jaramillo." Construed in the light most favorable to Plaintiff, what Bjornstad "hear[d]" may have differed in scope from the facts at the scene, which, as described by the FAC, entailed limited resistance.

[2]     Plaintiff's motion to supplement or correct the record is **DENIED**. Plaintiff neither contends Jaramillo's autopsy report was presented to the district court nor raises arguments that this is the "extraordinary case[]" in which the court should "exercise inherent authority to supplement the record" with materials not considered by the district court. *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003); *see also* Fed. R. App. P. 10(a)(1).

Plaintiff failed to include them in the FAC. On remand, however, Plaintiff may seek leave to amend the FAC to add these allegations.

Because we reverse the district court's dismissal of Plaintiff's § 1983 excessive force claim, we also vacate the district court's remand of Plaintiff's remaining state law claims in its second order granting judgment on the pleadings, and reinstate those claims for the district court's further consideration.

**2.** The individual officers seek qualified immunity, arguing that the law was not clearly established at the time of their conduct. "Although we may affirm . . . on any basis presented in the record, we are not obliged to do so." *Portman v. County of Santa Clara*, 995 F.2d 898, 910 (9th Cir. 1993). The record in this case is not sufficiently developed to permit resolution of whether the law was clearly established. *See Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 892–93 (9th Cir. 2022). We therefore decline to address the individual officers' assertions of qualified immunity.

**3.** Plaintiff forfeited her *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and Fourteenth Amendment claims on appeal. Plaintiff also forfeited the state law negligent training, retention, or supervision claims dismissed by the district court in its first order granting judgment on the pleadings. "[A]rguments . . . omitted from the opening brief," and claims "raised in a brief which are not supported by argument" are generally "deemed forfeited," subject to exceptions that are not

applicable here.  *Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  Plaintiff likewise forfeited her claims against Spokane Public Schools and the Spokane Police Department.  *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986); *Plumb*, 884 F.3d at 932.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**

The parties shall bear their own costs for this appeal.